IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PHILIP FRYMAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ATLAS FINANCIAL HOLDINGS, INC., SCOTT D. WOLLNEY, and PAUL A. ROMANO,<br><br>　　　　Defendants. | Case No. 1:18-cv-01640<br><br>Hon. Ruben Castillo |

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND RECOGNITION THAT CERTAIN DOCUMENTS HAVE BEEN INCORPORATED BY REFERENCE IN CONNECTION WITH THEIR MOTION TO DISMISS**

In connection with their motion to dismiss the complaint in this action, defendants Atlas Financial Holdings, Inc. ("AFH"), Scott D. Wollney, and Paul A. Romano, by their undersigned counsel, respectfully request that the Court (1) recognize that certain filings with the U.S. Securities and Exchange Commission ("SEC"), press releases, and conference call transcripts that are discussed in the amended complaint have been incorporated by reference therein for purposes of the motion to dismiss, and (2) take judicial notice of certain other documents as to which established authority permits such an action in connection with a motion to dismiss.

**APPLICABLE STANDARDS**

1.　　The defendants have moved to dismiss plaintiffs' amended complaint pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. The complaint asserts claims under sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), and SEC Rule 10b-5 promulgated thereunder. Defendants seek dismissal for failure to state a claim upon which relief can be granted.

2. In considering a motion to dismiss securities claims asserted under the Exchange Act, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see Cohen v. Am. Sec. Ins. Co.*, 735 F.3d 601, 604 n.2 (7th Cir. 2013). Public statements challenged as false or misleading under the securities laws must be evaluated "fairly and in context" rather than "in a vacuum." *Omnicare, Inc. v Laborer's Dist. Council Constr. Indus. Pension Fund*, 135 S. Ct. 1318, 1330, 1332 (2016).

3. "[D]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [its] claim." *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006) (internal citations and quotations omitted).

4. A court "must take judicial notice" of noticeable facts "if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c). A fact is subject to judicial notice if it "is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

**EXHIBITS A-L ARE INCORPORATED BY REFERENCE IN THE COMPLAINT**

5. Attached as Exhibit A is a true and correct copy of a Form 10-K for the year ended 2016 in the form in which it was filed by AFH with the SEC on March 13, 2017, which is quoted from and is incorporated by reference at paragraphs 2, 101, 104, and 112 of the complaint.

6. Attached as Exhibit B is a true and correct copy of a press release issued by AFH on March 13, 2017 entitled "Atlas Financial Holdings Announces 2016 Fourth Quarter Financial Results," in the form in which it was retrieved from AFH's website, https://atlas-

fin.com/InvestorRelations/, which is quoted from and is incorporated by reference at paragraph 114 of the complaint.

7. Attached as Exhibit C is a true and correct copy of a transcript of a conference call with securities analysts hosted by AFH on March 14, 2017, in the form in which it was retrieved from AFH's website, https://atlas-fin.com/InvestorRelations/, which is quoted from and is incorporated by reference at paragraphs 57-58 of the complaint.

8. Attached as Exhibit D is a true and correct copy of a press release issued by AFH on May 8, 2017 entitled "Atlas Financial Holdings Announces 2017 First Quarter Financial Results," in the form in which it was retrieved from AFH's website, https://atlas-fin.com/InvestorRelations/, which is quoted from and is incorporated by reference at paragraphs 116-17 of the complaint.

9. Attached as Exhibit E is a true and correct copy of a transcript of a conference call with securities analysts hosted by AFH on May 9, 2017, in the form in which it was retrieved from AFH's website, https://atlas-fin.com/InvestorRelations/, which is quoted from and is incorporated by reference at paragraphs 119 and 121 of the complaint.

10. Attached as Exhibit F is a true and correct copy of a press release issued by AFH on August 7, 2017 entitled "Atlas Financial Holdings Announces 2017 Second Quarter Financial Results," in the form in which it was retrieved from AFH's website, https://atlas-fin.com/InvestorRelations/, which is quoted from and is incorporated by reference at paragraphs 123-24 of the complaint.

11. Attached as Exhibit G is a true and correct copy of a transcript of a conference call with securities analysts hosted by AFH on August 8, 2017, in the form in which it was retrieved

from AFH's website, https://atlas-fin.com/InvestorRelations/, which is quoted from and is incorporated by reference at paragraphs 126 and 128 of the complaint.

12. Attached as Exhibit H is a true and correct copy of a press release issued by AFH on November 6, 2017 entitled "Atlas Financial Holdings Announces 2017 Third Quarter Financial Results," in the form in which it was retrieved from AFH's website, https://atlas-fin.com/InvestorRelations/, which is quoted from and is incorporated by reference at paragraphs 130-31 of the complaint.

13. Attached as Exhibit I is a true and correct copy of a transcript of a conference call with securities analysts hosted by AFH on November 7, 2017, in the form in which it was retrieved from AFH's website, https://atlas-fin.com/InvestorRelations/, which is quoted from and is incorporated by reference at paragraph 133 of the complaint.

14. Attached as Exhibit J is a true and correct copy of a press release issued by AFH on March 1, 2018 entitled "Atlas Financial Holdings Announces Preliminary 2017 Fourth Quarter and Year End Financial Results," in the form in which it was retrieved from AFH's website, https://atlas-fin.com/InvestorRelations/, which is quoted from and is incorporated by reference at paragraphs 11 and 65-66 of the complaint.

15. Attached as Exhibit K is a true and correct copy of a transcript of a conference call with securities analysts hosted by AFH on March 1, 2018, in the form in which it was retrieved from AFH's website, https://atlas-fin.com/InvestorRelations/, which is quoted from and is incorporated by reference at paragraphs 12 and 70-75 of the complaint.

16. Attached as Exhibit L is a true and correct copy of a press release issued by A.M. Best Company on June 15, 2018 entitled "A.M. Best Removes From Under Review, Downgrades Credit Ratings of Atlas Financial Holdings, Inc. and Insurance Subsidiaries," in the form in which

it was retrieved from A.M. Best's website, https://www3.ambest.com/, which is quoted from and is incorporated by reference at paragraph 68 of the complaint.

17. Exhibits A-I are integral to plaintiffs' claims because plaintiffs allege that those documents included the purportedly material misrepresentations or omissions that are the basis for plaintiffs' securities claims. Exhibits J-L are integral to plaintiffs' claims because plaintiffs allege that those documents included corrective disclosures that caused them to suffer alleged losses.

18. Under the Supreme Court's decision in *Tellabs*, courts consider documents such as Exhibits A-L that are referenced or quoted in a complaint in evaluating a defendant's motion to dismiss securities class actions and other private securities litigation. *See, e.g.*, *Alizadeh v. Tellabs, Inc.*, No. 13-cv-537, 2015 WL 557249, at *2 n.2 (N.D. Ill. Feb. 9, 2015) (considering "conference call transcripts, an analyst report, and press releases" in connection with motion to dismiss section 10(b) claim "because each of the[] exhibits was quoted in and/or central to the" complaint); *In re Midway Games, Inc. Sec. Litig.*, 332 F. Supp. 2d 1152, 1155 n.1 (N.D. Ill. 2004) (considering "SEC filings, press releases, and conference calls" in connection with motion to dismiss section 10(b) and 20(a) claims because the "materials" were "referred to" in the complaint and "central to plaintiffs' claims").

### **EXHIBITS M-R ARE SUBJECT TO JUDICIAL NOTICE**

19. Attached as Exhibit M is a true and correct copy of a Form 10-K for the year ended 2017 in the form in which it was filed by AFH with the SEC on April 3, 2018.

20. Attached as Exhibit N are true and correct copies of Form 4 Statements of Changes in Beneficial Ownership filed by Mr. Scott D. Wollney between November 13, 2017 and December 21, 2017, in the form in which they were filed by Mr. Wollney with the SEC on those dates.

21. Attached as Exhibit O are true and correct copies of Form 4 Statements of Changes in Beneficial Ownership filed by Mr. Paul Anthony Romano, Jr. between November 13, 2017 and December 21, 2017, in the form in which they were filed by Mr. Romano with the SEC on those dates.

22. Attached as Exhibit P are true and correct copies of Form 4 Statements of Changes in Beneficial Ownership filed by Ms. Leslie DiMaggio between November 13, 2017 and December 21, 2017, in the form in which they were filed by Ms. DiMaggio with the SEC on those dates.

23. Attached as Exhibit Q are true and correct copies of Form 4 Statements of Changes in Beneficial Ownership filed by Mr. Joseph Raymond Shugrue between November 13, 2017 and December 21, 2017, in the form in which they were filed by Mr. Shugrue with the SEC on those dates.

24. Attached as Exhibit R are true and correct copies of Form 4 Statements of Changes in Beneficial Ownership filed by Mr. Bruce Wayne Giles between November 13, 2017 and December 21, 2017, in the form in which they were filed by Mr. Giles with the SEC on those dates.

25. Exhibit M is subject to judicial notice because it was publicly filed with the SEC and includes information regarding AFH's processes for establishing, reviewing and revising its loss reserves. *See* Compl. ¶¶ 11, 38-40, 70-75 (discussing AFH IBNR reserves).

26. Exhibits N-R are subject to judicial notice because they were publicly filed with the SEC and include information regarding ownership and transaction history of AFH stock and stock options that is relevant to plaintiffs' scienter allegations. *See* Compl. ¶¶ 78-84 (alleging purported motive to commit fraud based on transactions in AFH common stock by Company insiders).

In the context of securities class actions and other private securities litigation, courts in this District regularly take judicial notice of documents such as these, that are publicly filed with the SEC, pursuant to Rule 201 of the Federal Rules of Evidence. *See, e.g.*, *Sharbaugh v. First Am. Title Ins. Co.*, No. 07-cv-2628, 2007 WL 3307019, at *2 (N.D. Ill. Nov. 2, 2007) (taking judicial notice of Form 10-K filed with the SEC); *Hernandez v. Midland Credit Mgmt., Inc*., No. 04-cv-7844, 2006 WL 695451, at *3-4 (N.D. Ill. Mar. 14, 2006),

| | |
|---|---|
| Dated: Chicago, Illinois<br>September 28, 2018 | DLA PIPER LLP (US)<br><br>By: */s/ Kenneth L. Schmetterer*<br>   Kenneth L. Schmetterer<br>   kenneth.schmetterer@dlapiper.com<br>   Yan Grinblat<br>   yan.grinblat@dlapiper.com<br><br>444 W Lake Street, Suite 900<br>Chicago, Illinois 60606<br>(312) 368-4000<br><br>John J. Clarke, Jr. *<br>john.clarke@dlapiper.com<br>John Vukelj *<br>john.vukelj@dlapiper.com<br>1251 Avenue of the Americas<br>New York, New York 10020<br>(212) 335-4500<br><br>* Admitted *pro hac vice*<br><br>Attorneys for Defendants<br>   Atlas Financial Holdings, Inc.,<br>   Scott D. Wollney, and Paul A. Romano |

**CERTIFICATE OF SERVICE**

      I hereby certify that, on September 28, 2018, I electronically filed the foregoing **Defendants' Request for Judicial Notice and Recognition That Certain Documents Have Been Incorporated By Reference In Connection With Their Motion to Dismiss** using the ECF System for the United States District Court for the Northern District of Illinois. Notice of this filing will be sent by operation of the Court's electronic filing system to all counsel of record registered on the ECF system.

                                                    */s/ Kenneth L. Schmetterer*
                                                    Kenneth L. Schmetterer
                                                    DLA Piper LLP (US)
                                                    444 West Lake Street, Suite 900
                                                    Chicago, Illinois 60606