UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHILIP FRYMAN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ATLAS FINANCIAL HOLDINGS, INC., SCOTT D. WOLLNEY, and PAUL A. ROMANO, <br><br> Defendants. | Case No. 1:18-cv-01640 <br><br> Hon. Franklin U. Valderrama <br> United States District Judge <br><br> Hon. Sheila M. Finnegan <br> United States Magistrate Judge |

## JUDGMENT APPROVING CLASS ACTION SETTLEMENT

This matter comes before the Court for hearing on the application for approval of the Settlement set forth in the Stipulation and Agreement of Settlement dated November 28, 2022 (the "Stipulation") between plaintiffs Philip Fryman and Aram Hovasapyan ("Lead Plaintiffs"), and proposed additional named plaintiff Ji Chuan (with Lead Plaintiffs, "Plaintiffs"), on behalf of themselves and the Settlement Class, and defendants Atlas Financial Holdings, Inc. ("Atlas"), Scott D. Wollney, and Paul A. Romano (the "Individual Defendants"; and, with Atlas, the "Defendants"; and, with Plaintiffs, the "Parties"). The Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, due and adequate notice having been given of the Settlement, the Court having previously certified the Settlement Class solely for settlement purposes, and good cause appearing:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. **DEFINITIONS:** All undefined capitalized words contained herein shall have the meanings provided in the Stipulation;

2.　　**JURISDICTION:**　The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

3.　　**INCORPORATION OF SETTLEMENT DOCUMENTS:**　This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on December 2, 2022 (ECF No. 141-1); and (b) the Notice and the Summary Notice, both of which were filed with the Court on August 2, 2023 (ECF No. 159-1, Exs. A & B).

4.　　**CLASS CERTIFICATION FOR SETTLEMENT PURPOSES:**　The Court hereby affirms its determinations in the Preliminary Approval Order certifying, solely for the purposes of the Settlement, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons and entities that purchased or otherwise acquired Atlas Common Stock, and/or Atlas Notes, and/or Atlas Call Options, and/or wrote Atlas Put Options, during the period from February 22, 2017 through April 30, 2019, inclusive (the "Settlement Class Period"), and were damaged thereby. Excluded from the Settlement Class are: (i) Defendants and members of their Immediate Families; (ii) any person who served as an executive officer or director of Atlas during the Settlement Class Period and members of their Immediate Families; (iii) present and former parents, subsidiaries, affiliates, and predecessors of Atlas; (iv) any trust for which an Individual Defendant is the settlor or that is for the benefit of an Individual Defendant or member(s) of that person's Immediate Family; and (v) the legal representatives, affiliates, heirs, successors, and assigns of any person or entity excluded under provisions (i) through (iv) hereof. Also excluded from the Settlement Class is the person listed on Exhibit 1 hereto who is excluded from the Settlement Class pursuant to request.

5. **ADEQUACY OF REPRESENTATION:** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Plaintiffs as class representatives for the Settlement Class and appointing Lead Counsel as class counsel for the Settlement Class. Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g).

6. **NOTICE:** The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

7. **FINAL SETTLEMENT APPROVAL AND DISMISSAL OF CLAIMS:** Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court

hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

8. The Action and all of the claims asserted in the Action are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

9. **BINDING EFFECT:** The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiffs, and all other Settlement Class Members (regardless of whether any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. The person listed on Exhibit 1 hereto is excluded from the Settlement Class pursuant to request and is not bound by the terms of the Stipulation or this Judgment.

10. **RELEASES:** The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the Settlement Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, predecessors, successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, shall be deemed

to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against the Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees. This Release shall not apply to the person listed on Exhibit 1 hereto.

(b) Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the Settlement Defendants and Defendants' Releasees, on behalf of themselves and their respective heirs, predecessors, successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees. This Release shall not apply to the person listed on Exhibit 1 hereto.

11. Notwithstanding paragraphs 10(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

12. **RULE 11 FINDINGS:** The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

13. **NO ADMISSIONS:** Neither this Judgment, the Memorandum of Understanding ("MOU"), the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the MOU and the Stipulation, nor any proceedings taken pursuant to or in connection with the MOU, the Stipulation, or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of the Plaintiffs' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however*, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

14. **NO RETENTION OF JURISDICTION:** The Court will not retain jurisdiction to enforce the Stipulation, as Seventh Circuit decisions hold that dismissals "with prejudice" leave the Court without jurisdiction to enforce a settlement agreement. *See Shapo v. Engle*, 463 F.3d 641, 646 (7th Cir. 2006).

15. **AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES:** Lead Counsel is hereby awarded attorneys' fees in the amount of 33⅓% of the Settlement Fund (including interest earned thereon at the same rate as the Settlement Fund) and $118,575.97 in reimbursement of counsel's out-of-pocket litigation expenses (which fees and expenses shall be paid from the Settlement Fund), which sums the Court finds to be fair and reasonable.

16. Lead Plaintiff Philip Fryman is hereby awarded $7,500.00 from the Settlement Fund as reimbursement for his reasonable costs and expenses directly related to his representation of the Settlement Class.

17. Lead Plaintiff Aram Hovasapyan is hereby awarded $7,500.00 from the Settlement Fund as reimbursement for his reasonable costs and expenses directly related to his representation of the Settlement Class.

18. Additional named plaintiff Chuan Ji is hereby awarded $7,500.00 from the Settlement Fund as reimbursement for his reasonable costs and expenses directly related to his representation of the Settlement Class.

19. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

20. **APPROVAL OF THE PLAN OF ALLOCATION:** The Court finds and concludes that the formula for the calculation of the claims of Claimants as set forth in the Plan of Allocation provides a fair and reasonable basis upon which to allocate the proceeds of the Net Settlement Fund with due consideration having been given to administrative convenience and necessity. There were no objection to the Plan of Allocation and the Court finds and concludes that the Plan of Allocation is, in all respects, fair and reasonable to the Settlement Class.

21. **MODIFICATION OF THE AGREEMENT OF SETTLEMENT:** Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

22. **TERMINATION OF SETTLEMENT:** If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights

of Plaintiffs, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of September 27, 2022, as provided in the Stipulation.

23. **ENTRY OF FINAL JUDGMENT:** There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this 6th day of September 2023.

_____
Hon. Franklin U. Valderrama
United States District Judge

**Exhibit 1**

**[List of Persons Excluded from the Settlement Class Pursuant to Request]**

1. Vicki Graham.